# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMISI JERMAINE CALLOWAY,<br><br>                    Plaintiff,<br><br>     v.<br><br>YOUSSEE, *et al.*,<br><br>                    Defendants. | Case No.  1:21-cv-01450-BAM (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE TO ACTION<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS* BE DENIED<br><br>(ECF No. 2)<br><br>**FOURTEEN (14) DAY DEADLINE** |

   Plaintiff Jamisi Jermaine Calloway ("Plaintiff") is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff initiated this action on September 29, 2021, together with a motion to proceed *in forma pauperis*.  (ECF Nos. 1, 2.)  On October 1, 2021, Plaintiff filed a certified copy of his inmate trust account statement.  (ECF No. 5.)

   Plaintiff is subject to 28 U.S.C. § 1915(g), which provides that "[i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious

physical injury."[1]

The Court has reviewed Plaintiff's complaint and finds that his allegations do not satisfy the imminent danger exception to section 1915(g).[2] *Andrews v. Cervantes*, 493 F.3d 1047, 1053−55 (9th Cir. 2007). Plaintiff sues 48 defendants, who all appear to be employees of Wasco State Prison or Kern Valley State Prison. (ECF No. 1.) Plaintiff alleges a variety of claims, including: deliberate indifference to his serious medical needs relating to hemodialysis, a torn rotator cuff, and suicidal ideations; retaliation for filing grievances, excessive force, and violations of the ADA, the *Armstrong* remedial plan, and a variety of other federal statutes. It appears that all of the incidents alleged occurred at either Wasco State Prison or Kern Valley State Prison, between approximately March 2019 and July 2020. (*Id.*) At the time the complaint was filed, Plaintiff was housed at California Health Care Facility.

Plaintiff has failed to allege that he was in any imminent danger of serious physical injury at the time the complaint was filed, because at that time he was not housed at either of the institutions where the violations allegedly occurred. The availability of the imminent danger exception "turns on the conditions a prisoner faced at the time the complaint was filed, not at some earlier or later time." *Andrews*, 493 F.3d at 1053. "Imminent danger of serious physical injury must be a real, present threat, not merely speculative or hypothetical." *Blackman v. Mjening*, 2016 WL 5815905, at *1 (E.D. Cal. Oct. 4, 2016). To meet his burden under § 1915(g),

---

[1] The Court takes judicial notice of the following United States District Court cases: (1) *Calloway v. Baker*, Case No. 3:13-cv-03266-JCS (N.D. Cal.) (dismissed on June 18, 2014 for failure to state a claim; (2) *Calloway v. Adams*, Case No. 1:11-cv-01281-RRB (E.D. Cal.) (dismissed on October 27, 2014 for failure to state a claim); (3) *Calloway v. Rangel*, Case No. 1:12-cv-00193-GSA (E.D. Cal.) (dismissed on October 30, 2014 as barred by the statute of limitations); (4) *Calloway v. Scribner*, Case No. 1:11-cv-00803-DLB (E.D. Cal.) (dismissed on December 2, 2014 as barred by the statute of limitations); (5) *Calloway v. Cal. Dep't of Corrs. & Rehab.*, Case No. 1:16-cv-01305-DAD-JDP (E.D. Cal.) (dismissed on May 15, 2018 for failure to state a claim); (6) *Calloway v. Biter*, Case No. 1:13-cv-00747-LJO-SAB (E.D. Cal.) (dismissed on July 31, 2018 for failure to state a claim). *See Belanus v. Clark*, 796 F.3d 1021 (9th Cir. 2015) (holding district court could determine that dismissal of complaint as barred by the statute of limitations qualified as a strike pursuant to 28 U.S.C. § 1915(g)).
    The Court also takes judicial notice of the following United States Court of Appeals case: *Calloway v. Baker*, Case No. 14-16352 (9th Cir.) (dismissed on November 5, 2014 for failure to pay the filing fee after application to proceed *in forma pauperis* was denied because appeal was found to be frivolous). *See Richey v. Dahne*, 807 F.3d 1202, 1208 (9th Cir. 2015) (If an application to proceed *in forma pauperis* is denied by an appellate court because the appeal is frivolous, the case counts as a "strike" even if the appeal is not dismissed until later when the plaintiff fails to pay the filing fee.).

[2] The Court expresses no opinion on the merits of Plaintiff's claims.

1  Plaintiff must provide "specific fact allegations of ongoing serious physical injury, or a pattern of
2  misconduct evidencing the likelihood of imminent serious physical injury." *Martin v. Shelton*,
3  319 F.3d 1048, 1050 (8th Cir. 2003). "[V]ague and utterly conclusory assertions" of imminent
4  danger or insufficient. *White v. Colorado*, 157 F.3d 1226, 1231–32 (10th Cir. 1998).

        Plaintiff also does not allege that any of these violations continued to occur after July 2020 or after his transfer to California Health Care Facility. To the extent Plaintiff alleges that at the time the complaint was filed, he faced an imminent danger of serious physical injury at California Health Care Facility, Plaintiff has not alleged that this danger is "fairly traceable" to the unlawful conduct asserted in the complaint. *See Pettus v. Morgenthau*, 554 F.3d 293, 297–98 (2d Cir. 2009) (outlining "nexus" test).[3]

        Plaintiff has not satisfied the exception from the three strikes bar under 28 U.S.C. § 1915(g), and Plaintiff must pay the $402.00 filing fee if he wishes to litigate this action.

        Accordingly, the Court HEREBY ORDERS the Clerk of the Court to randomly assign a District Judge to this action.

        Further, it is HEREBY RECOMMENDED that:

1. The motion to proceed *in forma pauperis*, (ECF No. 2), be DENIED, pursuant to 28 U.S.C. § 1915(g); and
2. Plaintiff be ORDERED to pay the $402.00 initial filing fee in full to proceed with this action.

        These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that the failure to file

---

[3] Although the Ninth Circuit has not directly addressed this question, numerous other district courts have found that *Pettus* provides the controlling standard. *See McClellan v. Kern Cty. Sheriff's Office*, No. 1:10-CV-0386, 2015 WL 5732077, at *1; *Chappell v. Fleming*, No. 2:12-CV-0234, 2013 WL 2156575, at *5 (E.D. Cal. May 17, 2013), findings and recommendations adopted by No. 2:12-CV-0234, 2013 WL 3872794 (E.D. Cal. July 25, 2013); *Williams v. Brennan*, No. 2:12-CV-2155, 2013 WL 394871, at *1–2 (E.D. Cal. Jan. 30, 2013), findings and recommendations adopted by No. 2:12-CV-2155, 2013 WL 1192770 (E.D. Cal. Mar. 22, 2013); *Johnson v. Sonoma Cty. Main Adult Det. Facility*, No. 14-CV-05397, 2015 WL 1744281, at *2 (N.D. Cal. Apr. 15, 2015).

objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **October 4, 2021**            /s/ Barbara A. McAuliffe            
                                                  UNITED STATES MAGISTRATE JUDGE