UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMISI JERMAINE CALLOWAY,<br><br>          Plaintiff,<br><br>     v.<br><br>YOUSSEE, *et al.*,<br><br>          Defendants. | No.  1:21-cv-01450-NONE-BAM (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION AND MOTION TO STAY FINDINGS AND RECOMMENDATIONS<br><br>(Doc. No. 10)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS RECOMMENDING DENIAL OF PLAINTIFF'S MOTION TO PROCEED *IN FORMA PAUPERIS*<br><br>(Doc. Nos. 2, 7)<br><br>**TWENTY-ONE (21) DAY DEADLINE** |

Plaintiff Jamisi Jermaine Calloway is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff initiated this action on September 29, 2021.  (Doc. No. 1.)

On October 4, 2021, the assigned magistrate judge issued findings and recommendations recommending that plaintiff's application to proceed *in forma pauperis* be denied pursuant to 28 U.S.C. § 1915(g) and that plaintiff be required to pay the $402.00 filing fee in full in order to proceed with this action.  (Doc. No. 7.)  Those findings and recommendations were served on plaintiff and contained notice that any objections thereto were to be filed within fourteen (14)

1

1  days after service.  (*Id.* at 3–4.)  Plaintiff timely filed objections to the findings and
2  recommendations on October 20, 2021.  (Doc. No. 9.)  The court notes that plaintiff states therein
3  that he has included approximately 150 exhibits in support of his objections, but no exhibits were
4  attached to the document filed with the court.  (Doc. No. 9.)

5  Plaintiff appears to be aware that those exhibits were not attached to his objections,
6  because on October 22, 2021 he filed a motion for preliminary injunction and to stay the findings
7  and recommendations.  (Doc. No. 10.)  Plaintiff argues in that motion that prison officials are
8  obstructing his access to courts by refusing to make copies of the exhibits in support of his
9  objections.  Plaintiff therefore requests that the court issue a preliminary injunction and temporary
10 restraining order directing prison officials to stop hindering plaintiff in making adequate copies in
11 support of his exhibits.  Plaintiff further requests that the court review his exhibits *in camera* and
12 to stay the objections—which appears to be a request to stay a decision on the pending findings
13 and recommendations—until the court has received the exhibits in support of his objections.  (*Id.*)

14 After a review of plaintiff's summary of the exhibits included with the objections, and a
15 review of the motion for preliminary injunction, the court does not find that the above-referenced
16 exhibits would alter the court's analysis.  Furthermore, the court finds that a stay of the findings
17 and recommendations is not necessary and that the court lacks jurisdiction to order a preliminary
18 injunction over prison staff at this time.  *Summers v. Earth Island Inst.*, 555 U.S. 488, 491–93
19 (2009); *Mayfield v. United States*, 599 F.3d 964, 969 (9th Cir. 2010).

20 Turning to the objections, plaintiff argues that his application to proceed *in forma*
21 *pauperis* should be granted because he continued to be in imminent danger of serious physical
22 injury even after his transfer to California Health Care Facility ("CHCF").  As noted in the
23 findings and recommendations, plaintiff brings this action against 48 defendants, who all appear
24 to be employees of Wasco State Prison or Kern Valley State Prison.  (Doc. No. 1.)  The
25 magistrate judge reasoned that, to the extent plaintiff alleges that at the time the complaint was
26 filed he faced an imminent danger of serious physical injury at CHCF, plaintiff did not allege that
27 this danger satisfies the "nexus" test outlined in *Pettus v. Morgenthau*, 554 F.3d 293, 297–98
28 /////

(2d Cir. 2009).¹  This test allows defendants who have suffered three prior striker dismissals of civil actions filed by them to proceed *in forma pauperis* only if:  (1) the alleged imminent danger was "fairly traceable" to the unlawful conduct asserted in the complaint; and (2) a favorable judicial outcome would redress the danger.  *Id.*

Plaintiff's objections do not provide any support for the proposition that a favorable judicial outcome in this action, against defendants employed at Wasco State Prison and Kern Valley State Prison, would provide any redress for danger he might face at CHCF.

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(C), this court has conducted a *de novo* review of the case.  Having carefully reviewed the entire file, including plaintiff's objections, the court concludes that the magistrate judge's findings and recommendations are supported by the record and proper analysis.

Accordingly,

1. Plaintiff's motion for a preliminary injunction and to stay the findings and recommendations, (Doc. No. 10), is denied;

2. The findings and recommendations issued on October 4, 2021, (Doc. No. 7), are adopted in full;

2. In accordance with 28 U.S.C. § 1915(g), plaintiff's application to proceed *in forma pauperis*, (Doc. No. 2), is denied; and

3. Within **twenty-one (21) days** following the date of service of this order, plaintiff shall pay the $402.00 filing fee in full to proceed with this action.  If plaintiff fails to pay the filing fee within the specified time, this action will be dismissed without further notice.

IT IS SO ORDERED.

Dated:  **November 8, 2021**                           *Dale A. Drozd*
                                                                    UNITED STATES DISTRICT JUDGE

---

¹ Although the Ninth Circuit has not directly addressed this question, numerous district courts have found that *Pettus* provides the controlling standard.  *See McClellan v. Kern Cty. Sheriff's Office*, No. 1:10-CV-0386-LJO-MJS, 2015 WL 5732077, at *1 & n.1 (E.D. Cal. Sept. 28, 2015) (collecting cases).