# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMISI JERMAINE CALLOWAY, | Case No. 1:21-cv-01450-JLT-BAM (PC) |
| Plaintiff, | ORDER DENYING MOTION TO APPOINT COUNSEL |
| v. | |
| YOUSSEE, *et al.*, | (ECF No. 21) |
| Defendants. | |

Plaintiff Jamisi Jermaine Calloway ("Plaintiff") is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983.

On May 4, 2022, the Court screened Plaintiff's first amended complaint and issued findings and recommendations that this action proceed against Defendants Y. Rao, D. Pilar, H. Diaz, T. Loar, and H Smuzynski for deliberate indifference to serious medical needs in violation of the Eighth Amendment when they released Plaintiff from a suicide crisis bed, and against Defendants D. A. Lopez and M. Cuevas for deliberate indifference to serious medical needs in violation of the Eighth Amendment when they failed to intervene during Plaintiff's two suicide attempts. (ECF No. 20.) The Court further recommended that all other claims and defendants be dismissed based on Plaintiff's failure to state claims upon which relief may be granted or for failure to properly join claims in compliance with Federal Rules of Civil Procedure 18 and 20. (*Id.*)

1

1    Currently before the Court is Plaintiff's motion requesting appointment of counsel for the
2    limited purpose of curing the deficiencies in his complaint and to serve all defendants properly
3    joined to the Court's requirements, dated May 2, 2022, and filed May 5, 2022.  (ECF No. 21.)
4    Plaintiff states that he has made every effort to seek legal assistance and counsel through written
5    correspondence to professional attorneys or law firms who have declined to take on his case.
6    Plaintiff further contends that he is disabled and suffering from medical and mental health
7    decompensation due to retaliation from CDCR/CCHCS administration and their employees.
8    Plaintiff states that he has had continued medical issues that make it difficult to prosecute his
9    legal actions, and counsel is needed due to the complexity of his case, Plaintiff's disabilities, and
10   his lack of access to unlimited law library research.  (*Id.*)

11   Plaintiff is informed that he does not have a constitutional right to appointed counsel in
12   this action, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *rev'd in part on other*
13   *grounds*, 154 F.3d 952, 954 n.1 (9th Cir. 1998), and the court cannot require an attorney to
14   represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1).  *Mallard v. U.S. Dist. Court for the S. Dist.*
15   *of Iowa*, 490 U.S. 296, 298 (1989).  However, in certain exceptional circumstances the court may
16   request the voluntary assistance of counsel pursuant to section 1915(e)(1).  *Rand*, 113 F.3d at
17   1525.

18   Without a reasonable method of securing and compensating counsel, the Court will seek
19   volunteer counsel only in the most serious and exceptional cases.  In determining whether
20   "exceptional circumstances exist, a district court must evaluate both the likelihood of success on
21   the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the
22   complexity of the legal issues involved."  *Id.* (internal quotation marks and citations omitted).

23   The Court has considered Plaintiff's request, but does not find the required exceptional
24   circumstances.  Even if it is assumed that Plaintiff has made serious allegations which, if proved,
25   would entitle him to relief, his case is not exceptional.  This Court is faced with similar cases filed
26   almost daily by prisoners who are proceeding *pro se*, suffering from physical and mental health
27   issues, and who must obtain discovery and research different legal claims with limited access to
28   the law library.  These plaintiffs also must litigate their cases without the assistance of counsel.

Furthermore, at this stage in the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits. Although the Court has found that Plaintiff's first amended complaint states some cognizable claims, this does not indicate a likelihood of success on the merits. Finally, based on a review of the record in this case, the Court does not find that Plaintiff cannot adequately articulate his claims.

Accordingly, Plaintiff's motion to appoint counsel, (ECF No. 21), is HEREBY DENIED, without prejudice.

IT IS SO ORDERED.

Dated: __May 7, 2022__                    /s/ *Barbara A. McAuliffe*
                                          UNITED STATES MAGISTRATE JUDGE