UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMISI JERMAINE CALLOWAY,

Plaintiff,

v.

YOUSSEE, *et al.*,

Defendants.

No.  1:21-cv-01450-JLT-BAM (PC)

**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**

**(Doc. 27)**

The assigned magistrate judge screened the first amended complaint and issued findings and recommendations that this action proceed against Y. Rao, D. Pilar, H. Diaz, T. Loar, and H. Smuzynski for deliberate indifference to serious medical needs when they released Plaintiff from a suicide crisis bed, and against D. A. Lopez and M. Cuevas for deliberate indifference to serious medical needs when they failed to intervene during Plaintiff's two suicide attempts.  (Doc. 20.) The magistrate judge also recommended that all other claims and defendants be dismissed based on Plaintiff's failure to state claims upon which relief may be granted or failure to properly join claims in compliance with Federal Rules of Civil Procedure 18 and 20. (*Id.*)  Plaintiff filed objections on May 16, 2022, (Doc. 23), and the undersigned adopted the findings and recommendations in full on June 17, 2022.  (Doc. 24.)  The magistrate judge directed electronic service of the first amended complaint and summonses on June 21, 2022.  (Docs. 25, 26.)

Currently before the Court is Plaintiff's motion requesting the district judge's legal

1

1    clarification and reconsideration of the order adopting the findings and recommendations, filed

2    July 6, 2022.  (Doc. 27.)  Plaintiff also attached voluminous exhibits, numbered 1–117, which

3    were lodged with the Court in paper.  (*Id.*)

4         Plaintiff requests clarification regarding whether the order adopting constitutes a "final

5    judgment" to dismiss all claims and defendants from this action, and if so, whether it is

6    appealable now and whether the case can be legally stayed as to Plaintiff's remaining claims

7    against Defendants Y. Rao, D. Pilar, H. Diaz, T. Loar, H. Smuzynski, D. A. Lopez, and M.

8    Cuevas.  (*Id.* at 3.)  Plaintiff contends that the Court failed to address the facts of this case in their

9    entirety because Plaintiff was limited to less than 25 pages in his amended complaint and he did

10   not want to overwhelm the Court with pertinent, relevant, exculpatory evidence that would have

11   allowed Plaintiff to properly join claims in compliance with Federal Rules of Civil Procedure 18

12   and 20.  Plaintiff further requests that the Court review the entirety of such evidence regarding the

13   proper joinder of his claims, referencing "Exhibits 1–85" which apparently includes 454 email

14   statements by CDCR/CCHCS employees and its private contract provider DaVita Healthcare,

15   Inc., as well as email statements attached as "Exhibits 86–105" regarding attempts to kill Plaintiff

16   for an alleged assault on a CDCR custody officer on November 19, 2015.  Plaintiff requests that

17   the Court take judicial notice of the 117 exhibits attached to the motion.  (*Id.* at 7.)  Plaintiff

18   argues that he will be prejudiced if he is forced to file separate actions against all the defendants

19   he attempts to sue in this case, because the claims are related and part of a continuing violation.

20   (*Id.* at 11.)

21        With respect to Plaintiff's request for clarification, Plaintiff is informed that the June 17,

22   2022, order adopting constitutes a final order of this Court, and a dismissal of all other claims and

23   defendants from this action, aside from those claims and defendants listed above.  Pursuant to

24   Federal Rule of Appellate Procedure 4, a notice of appeal in a civil case must be filed within 30

25   days after entry of the judgment or order appealed from.  Fed. R. App. P. 4(a)(1)(A).  If a motion

26   for reconsideration under Federal Rule of Civil Procedure 60 is filed, then the time to file an

27   appeal from the other on that motion, runs from the entry of the order disposing of that motion.

28

1   Fed. R. App. P. 4(a)(4)(A)(vi).[1]  To the extent Plaintiff requests a stay of this action pending any

2   appeal he chooses to file, Plaintiff is informed that motions for a stay pending appeal are

3   governed by Federal Rule of Appellate Procedure 8.

4          As to Plaintiff's request for reconsideration, Federal Rule of Civil Procedure 60(b)

5   governs the reconsideration of final orders of the district court.  Rule 60(b) permits a district court

6   to relieve a party from a final order or judgment on grounds of: "(1) mistake, inadvertence,

7   surprise, or excusable neglect; (2) newly discovered evidence . . .; (3) fraud . . . of an adverse

8   party; (4) the judgment is void; (5) the judgment has been satisfied . . . or (6) any other reason

9   justifying relief from the operation of the judgment."  Fed. R. Civ. P. 60(b).  Additionally,

10  pursuant to this court's Local Rules, when filing a motion for reconsideration of an order, a party

11  must show "what new or different facts or circumstances are claimed to exist which did not exist

12  or were not shown upon such prior motion, or what other grounds exist for the motion."  Local

13  Rule 230(j).

14         As noted above, Plaintiff submitted voluminous exhibits in support of his motion, and

15  requests that the Court take judicial notice of those exhibits in their entirety.  Though the Court

16  has received the exhibits, due to their length and Plaintiff's failure to incorporate them in any

17  manner that would assist the Court, the Court has not reviewed them in detail and declines to sift

18  through them to find support for Plaintiff's arguments.  *See Stewart v. Nevada*, No. 2:09-CV-

19  01063-PMP-GWF, 2011 WL 588485, at *2 (D. Nev. Feb. 9, 2011) ("The Court will not comb

20  through attached exhibits seeking to determine whether a claim possibly could have been stated

21  where the pleading itself does not state a claim.").  Furthermore, because Plaintiff is requesting

22  reconsideration of the Court's screening of the first amended complaint, Plaintiff is reminded that

23  though exhibits to a complaint are permissible if incorporated by reference, Fed. R. Civ. P. 10(c),

24  they are not necessary in the federal system of notice pleading, Fed. R. Civ. P. 8(a).

25         Based on a review of Plaintiff's motion, and a cursory review of the attached exhibits, the

26  Court does not find that Plaintiff presents any new or different facts, circumstances, or evidence

27

28  [1]  The Court expresses no opinion whether an interlocutory appeal of the dismissal of some, but not all, claims in the case is appropriate or will be accepted by the Court of Appeals.  *See* Fed. R. Civ. P. 54(b).

related to this action that would support relief under Rule 60(b). Accordingly, the Court

**ORDERS**:

1.  Plaintiff's motion for reconsideration, (Doc. 27), is denied; and

2.  This action is referred to the assigned magistrate judge for further proceedings.

IT IS SO ORDERED.

Dated:   **July 20, 2022**

UNITED STATES DISTRICT JUDGE