# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMISI JERMAINE CALLOWAY,<br><br>           Plaintiff,<br><br>     v.<br><br>YOUSSEE, *et al.*,<br><br>           Defendants. | Case No.  1:21-cv-01450-JLT-BAM (PC)<br><br>ORDER TO SHOW CAUSE WHY DEFENDANT T. LOAR SHOULD NOT BE DISMISSED FROM THIS ACTION FOR FAILURE TO PROVIDE SUFFICIENT INFORMATION TO EFFECTUATE SERVICE<br><br>(ECF No. 25)<br><br>**THIRTY (30) DAY DEADLINE** |

Plaintiff Jamisi Jermaine Calloway ("Plaintiff") is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983.  This action proceeds on Plaintiff's first amended complaint against Defendants Y. Rao, D. Pilar, H. Diaz, T. Loar, and H. Smuzynski for deliberate indifference to serious medical needs in violation of the Eighth Amendment when they released Plaintiff from a suicide crisis bed, and against Defendants D. A. Lopez and M. Cuevas for deliberate indifference to serious medical needs in violation of the Eighth Amendment when they failed to intervene during Plaintiff's two suicide attempts.

On June 21, 2022, the Court issued an order directing service on Defendants Y. Rao, D. Pilar, H. Diaz, T. Loar, H. Smuzynski, D. A. Lopez, and M. Cuevas under the Court's E-Service pilot program for civil rights cases for the Eastern District of California.  (ECF No. 25.)  The order included the following information regarding Defendant Loar: "T. Loar, Psychologist,

1

KVSP; on or about May 20, 2020." (*Id.* at 2.)  On July 29, 2022, the Court received information that Defendant Loar could not be identified.

Federal Rule of Civil Procedure 4(m) provides as follows:

> If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

In cases involving a plaintiff proceeding *in forma pauperis*, the Marshal, upon order of the court, shall serve the summons and the complaint.  Fed. R. Civ. P. 4(c)(3).  "[A]n incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint, and . . . should not be penalized by having his or her action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform the duties required of each of them . . . ."  *Puett v. Blandford*, 912 F.2d 270, 275 (9th Cir. 1990).  "So long as the prisoner has furnished the information necessary to identify the defendant, the marshal's failure to effect service is 'automatically good cause . . . .'"  *Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994), abrogated on other grounds by *Sandin v. Connor*, 515 U.S. 472, 115 (1995).  However, where a *pro se* plaintiff fails to provide the Marshal with accurate and sufficient information to effect service of the summons and complaint, the Court's *sua sponte* dismissal of the unserved defendant is appropriate.  *Walker*, 14 F.3d at 1421–22.

Here, the U.S. Marshal attempted to electronically serve Defendant Loar with the information that Plaintiff provided.  However, the Marshal was informed that there was not enough information to identify Defendant Loar for service of process.  If Plaintiff is unable to provide the Marshal with the necessary information to identify and locate this defendant, Defendant Loar shall be dismissed from this action, without prejudice.

Pursuant to Rule 4(m), the Court will provide Plaintiff with the opportunity to show cause why Defendant Plata should not be dismissed from the action at this time.  Plaintiff may respond to this order by providing additional information that will assist the Marshal in identifying

Defendant Loar for service of process.

Based on the foregoing, it is HEREBY ORDERED that:

1. Within **thirty (30) days** from the date of service of this order, Plaintiff shall show cause why Defendant Loar should not be dismissed from this action; and
2. **<u>The failure to respond to this order or the failure to show cause will result in the dismissal of any unidentified defendant from this action due to Plaintiff's failure to serve process pursuant to Federal Rule of Civil Procedure 4(m)</u>**.

IT IS SO ORDERED.

Dated:   **August 1, 2022**                                    /s/ *Barbara A. McAuliffe*            
                                                                           UNITED STATES MAGISTRATE JUDGE