# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMISI JERMAINE CALLOWAY,<br><br>   Plaintiff,<br><br>   v.<br><br>YOUSSEE, *et al.*,<br><br>   Defendants. | Case No.  1:21-cv-01450-JLT-BAM (PC)<br><br>ORDER DISCHARGING ORDER TO SHOW CAUSE WHY DEFENDANT T. LOAR SHOULD NOT BE DISMISSED FROM THIS ACTION FOR FAILURE TO PROVIDE SUFFICIENT INFORMATION TO EFFECTUATE SERVICE<br>(ECF No. 31)<br><br>ORDER DENYING PLAINTIFF'S RENEWED MOTION TO APPOINT COUNSEL<br>(ECF No. 32) |

Plaintiff Jamisi Jermaine Calloway ("Plaintiff") is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983.  This action proceeds on Plaintiff's first amended complaint against Defendants Y. Rao, D. Pilar, H. Diaz, T. Loar, and H. Smuzynski for deliberate indifference to serious medical needs in violation of the Eighth Amendment when they released Plaintiff from a suicide crisis bed, and against Defendants D. A. Lopez and M. Cuevas for deliberate indifference to serious medical needs in violation of the Eighth Amendment when they failed to intervene during Plaintiff's two suicide attempts.

On June 21, 2022, the Court directed E-Service on all defendants.  (ECF No. 25.)  On July 29, 2022, the Court received information that Defendant Loar could not be identified. Accordingly, on August 2, 2022, the Court issued an order directing Plaintiff to show cause why

Defendant Loar should not be dismissed form this action for failure to provide sufficient information to effectuate service. (ECF No. 31.) Plaintiff filed a response providing additional information to identify Defendant Loar on August 11, 2022, together with a renewed motion for appointment of counsel for the limited purpose of assisting Plaintiff in identifying Defendant Loar for service of process. (ECF No. 32.) Plaintiff includes an exhibit which appears to be a copy of a Classification Committee Chrono, which references the testimony of "Dr. T LOAR Pyscologist [sic]" during a June 9, 2020 *Vitek* hearing. (*Id.* at 7.) In addition, the exhibit includes Patient Encounter Information from June 10, 2020, entered by "Loar, Teresa Psychologist" from Plaintiff's IDTT (Interdisciplinary Treatment Team. (*Id.* at 8.)

In light of Plaintiff's response, the Court finds it appropriate to discharge the August 2, 2022 order to show cause and to order a second E-Service attempt on Defendant T. Loar. The Court therefore finds that Plaintiff's motion for appointment of counsel for the limited purpose of identifying Defendant Loar is now moot. In addition, the request is denied for the reasons stated in the Court's May 9, 2022 order denying Plaintiff's prior motion to appoint counsel. (ECF No. 22.)

Based on the foregoing, IT IS HEREBY ORDERED as follows:

1. The August 2, 2022 order to show cause, (ECF No. 31), is DISCHARGED;
2. Plaintiff's motion for appointment of counsel, (ECF No. 32), is DENIED, without prejudice; and
3. By separate order, the Court will order a second E-Service attempt on Defendant T. Loar based on the additional information provided.

IT IS SO ORDERED.

Dated:   **August 16, 2022**          /s/ *Barbara A. McAuliffe*
                                      UNITED STATES MAGISTRATE JUDGE