1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMISI JERMAINE CALLOWAY, | Case No.  1:21-cv-01450-JLT-BAM (PC) |
| Plaintiff, | ORDER CLARIFYING DEADLINE FOR DEFENDANT LOAR TO FILE RESPONSE TO COMPLAINT |
| v. | |
| YOUSSEE, *et al.*, | (ECF Nos. 34, 39) |
| Defendants. | **Response to Complaint Due: November 18, 2022** |

Plaintiff Jamisi Jermaine Calloway ("Plaintiff") is a state prisoner proceeding *pro se* in this civil rights action under 42 U.S.C. § 1983.  This action proceeds on Plaintiff's first amended complaint against Defendants Y. Rao, D. Pilar, H. Diaz, T. Loar, and H. Smuzynski for deliberate indifference to serious medical needs in violation of the Eighth Amendment when they released Plaintiff from a suicide crisis bed, and against Defendants D. A. Lopez and M. Cuevas for deliberate indifference to serious medical needs in violation of the Eighth Amendment when they failed to intervene during Plaintiff's two suicide attempts.

Defendants D. Pilar, H. Diaz, H. Smuzynski, D. A. Lopez, and M. Cuevas have waived service of summons, and their responses to the first amended complaint are currently due on or before September 26, 2022.  (ECF Nos. 25, 29, 36.)  Service by the United States Marshal has been ordered on Defendant Y. Rao.  (ECF Nos. 25, 30.)

1

Following an initial attempt, on August 16, 2022, the Court directed a second attempt of E-Service on Defendant T. Loar.  (ECF No. 34.)  On September 8, 2022, counsel for Defendant Loar returned an executed waiver of service.  (ECF No. 37.)  On September 19, 2022, a notice of Defendant Loar's intent to waive service was also timely filed.  (ECF No. 39.)

Pursuant to the Court's second E-Service Order, "[a] defendant who timely waives service need not serve an answer to the complaint until 60 days after the waiver of service of process was sent."  (ECF No. 34, p. 3.)  Further, "[f]or any defendant that the CDCR advises will be waiving service, the date the CDCR files its Notice of E-Service Waiver will be considered the date the request for waiver was sent."  (*Id.*)

Defendant Loar's waiver of service states that Defendant Loar's answer is due "within 60 days after 8/16/22," (ECF No. 37, p. 1), and the Court's docket entry for the waiver of service states that Defendant Loar's answer is due on October 17, 2022.  However, these dates were calculated before CDCR's Notice of E-Service Waiver was filed.

By the instant order, the Court clarifies that pursuant to the August 16, 2022, E-Service Order, Defendant Loar's answer or other responsive pleading is due within 60 days after September 19, 2022, the date CDCR's Notice of E-Service Waiver was filed.

Accordingly, IT IS HEREBY ORDERED that Defendant Loar shall file an answer or other response to the complaint on or before **November 18, 2022**.

IT IS SO ORDERED.

Dated:   **September 21, 2022**          /s/ *Barbara A. McAuliffe*
                                   UNITED STATES MAGISTRATE JUDGE