# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMISI JERMAINE CALLOWAY,<br><br>              Plaintiff,<br><br>       v.<br><br>YOUSSEE, *et al.*,<br><br>              Defendants. | Case No.  1:21-cv-01450-JLT-BAM (PC)<br><br>ORDER GRANTING IN PART DEFENDANTS' MOTION FOR ADMINISTRATIVE RELIEF RE: EXTENSION OF TIME TO FILE RESPONSIVE PLEADING<br><br>(ECF No. 40)<br><br>**Responsive Pleading Due: November 28, 2022** |

Plaintiff Jamisi Jermaine Calloway ("Plaintiff") is a state prisoner proceeding *pro se* in this civil rights action under 42 U.S.C. § 1983.  This action proceeds on Plaintiff's first amended complaint against Defendants Y. Rao, Del Pilar, H. Diaz, T. Loar, and H. Smuzynski for deliberate indifference to serious medical needs in violation of the Eighth Amendment when they released Plaintiff from a suicide crisis bed, and against Defendants D. A. Lopez and M. Cuevas for deliberate indifference to serious medical needs in violation of the Eighth Amendment when they failed to intervene during Plaintiff's two suicide attempts.

Defendants Del Pilar, H. Diaz, H. Smuzynski, D. A. Lopez, and M. Cuevas have waived service of summons, and their responses to the first amended complaint are currently due on or before September 26, 2022.  (ECF Nos. 25, 29, 36.)  Defendant T. Loar's response to the first amended complaint is currently due on or before November 18, 2022.  (ECF Nos. 34, 39, 41.)

Service by the United States Marshal has been ordered on Defendant Y. Rao. (ECF Nos. 25, 30.)

Currently before the Court is a motion for administrative relief re: extension of time to file responsive pleading, filed September 21, 2022 by Defendants Del Pilar, Diaz, Smuzynski, Lopez, Cuevas, and Loar ("Defendants"). (ECF No. 40.) Plaintiff has not had the opportunity to respond to the motion, but the Court finds a response unnecessary. The motion is deemed submitted. Local Rule 203(l).

In support of the motion, counsel for Defendants declares that the Correctional Law Section is currently understaffed due to attorney retirements, leaves of absence, transfers, and resignations. (ECF No. 40.) Despite the recruitment and hiring of additional attorneys, the enlistment of Deputy Attorneys General from other sections of the OAG, and Supervising Deputy Attorneys General personally handling cases in addition to their supervisory duties, the current Deputy Attorneys General handling Correctional Law Section cases will be unable to complete all appropriate casework if additional cases are assigned to them. Defendants therefore request a ninety-day extension of time to respond to the operative complaint in this action, to allow the Deputy Attorneys General handling existing Correctional Law Section cases to complete existing assignments before turning to a new assignment in this case. (*Id.*)

The Court, having considered the request, finds good cause to grant, in part, the requested extension of time. Fed. R. Civ. P. 6(b). The Court finds that an extension of sixty days, rather than ninety, is appropriate under the circumstances. The Court further finds that Plaintiff will not be prejudiced by the extension requested here, particularly as this will permit all defendants now appearing to file an answer or other responsive pleading at the same time. Should Defendants require additional time to respond to the complaint, they may seek a further extension of this deadline, supported by good cause.

Accordingly, it is HEREBY ORDERED as follows:

1. Defendants' motion for administrative relief re: extension of time to file responsive pleading, (ECF No. 40), is GRANTED IN PART; and

///

///

2. Defendants Del Pilar, Diaz, Smuzynski, Lopez, Cuevas, and Loar shall file and serve a response to the complaint on or before **November 28, 2022**.

IT IS SO ORDERED.

Dated: **September 22, 2022**          /s/ *Barbara A. McAuliffe*
                                          UNITED STATES MAGISTRATE JUDGE