# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMISI JERMAINE CALLOWAY,<br><br>        Plaintiff,<br><br>    v.<br><br>YOUSSEE, *et al.*,<br><br>        Defendants. | Case No.  1:21-cv-01450-JLT-BAM (PC)<br><br>ORDER DENYING PLAINTIFF'S RENEWED MOTION FOR APPOINTMENT OF COUNSEL<br><br>(ECF No. 56) |

Plaintiff Jamisi Jermaine Calloway ("Plaintiff") is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983.  This action proceeds on Plaintiff's first amended complaint against Defendants Y. Rao, Del Pilar, H. Diaz, T. Loar, and H. Smuzynski for deliberate indifference to serious medical needs in violation of the Eighth Amendment when they released Plaintiff from a suicide crisis bed, and against Defendants D. A. Lopez and M. Cuevas for deliberate indifference to serious medical needs in violation of the Eighth Amendment when they failed to intervene during Plaintiff's two suicide attempts.

Currently before the Court is Plaintiff's renewed motion for appointment of counsel, filed January 5, 2023.  (ECF No. 56.)  Plaintiff requests limited appointment of counsel to expedite this case and to cure and amend the deficiencies in his complaint under the First, Eighth, and Fourteenth Amendments.  Plaintiff argues that appointment of counsel is warranted due to the complexities of the case and Plaintiff's extreme medical and mental health circumstances related

1

1    to his chronic kidney disease.  Plaintiff further contends that counsel should be appointed for all
2    inmates/patients proceeding under the Americans with Disabilities Act ("ADA"), and that the
3    Court should set new criteria for appointment of counsel for ADA prisoners that will force states
4    to write new legislation to provide a right to pro bono counsel for pro se civil actions filed by
5    disabled prisoners.  (*Id.*)

6        As Plaintiff was previously informed, he does not have a constitutional right to appointed
7    counsel in this action, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *rev'd in part on*
8    *other grounds*, 154 F.3d 952, 954 n.1 (9th Cir. 1998), and the court cannot require an attorney to
9    represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1).  *Mallard v. U.S. Dist. Court for the S. Dist.*
10   *of Iowa*, 490 U.S. 296, 298 (1989).  However, in certain exceptional circumstances the court may
11   request the voluntary assistance of counsel pursuant to section 1915(e)(1).  *Rand*, 113 F.3d at
12   1525.

13       Without a reasonable method of securing and compensating counsel, the Court will seek
14   volunteer counsel only in the most serious and exceptional cases.  In determining whether
15   "exceptional circumstances exist, a district court must evaluate both the likelihood of success on
16   the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the
17   complexity of the legal issues involved."  *Id.* (internal quotation marks and citations omitted).

18       The Court has considered Plaintiff's request, but does not find the required exceptional
19   circumstances.  Even if it is assumed that Plaintiff has made serious allegations which, if proved,
20   would entitle him to relief, his case is not exceptional.  This Court is faced with similar cases filed
21   almost daily by prisoners suffering from chronic and severe physical and mental illnesses who
22   must litigate their cases without the assistance of counsel.

23       Furthermore, at this stage in the proceedings, the Court cannot make a determination that
24   Plaintiff is likely to succeed on the merits.  Although the Court has found that Plaintiff's
25   complaint states cognizable claims, this does not mean that Plaintiff will succeed on the merits.
26   Furthermore, based on a review of the record in this case, the Court does not find that Plaintiff
27   cannot adequately articulate his claims.
28   ///

Finally, Plaintiff has not presented any case law to support the Court's authority to create new criteria requiring appointment of counsel in all actions presenting issues under the ADA. As the Court is not aware of any such case law, the Court declines to create such a requirement. In addition, the Court notes that this action is not proceeding on any claims pursuant to the ADA.

Accordingly, Plaintiff's motion to appoint counsel, (ECF No. 56), is HEREBY DENIED, without prejudice.

IT IS SO ORDERED.

Dated:   **January 6, 2023**                    /s/ *Barbara A. McAuliffe*
                                                UNITED STATES MAGISTRATE JUDGE