# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMISI JERMAINE CALLOWAY,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>YOUSSEE, *et al.*,<br><br>　　　　　Defendants. | Case No.  1:21-cv-01450-JLT-BAM (PC)<br><br>ORDER DENYING MOTION TO MODIFY DISCOVERY AND SCHEDULING ORDER AND REQUESTING APPOINTMENT OF COUNSEL<br><br>(ECF No. 61)<br><br>ORDER EXTENDING DEADLINE TO OPPOSE MOTION FOR SUMMARY JUDGMENT<br><br>**THIRTY (30) DAY DEADLINE** |

**I.     Procedural Background**

　　　Plaintiff Jamisi Jermaine Calloway ("Plaintiff") is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983.  This action proceeds on Plaintiff's first amended complaint against Defendants Y. Rao, Del Pilar, H. Diaz, T. Loar, and H. Smuzynski for deliberate indifference to serious medical needs in violation of the Eighth Amendment when they released Plaintiff from a suicide crisis bed, and against Defendants D. A. Lopez and M. Cuevas for deliberate indifference to serious medical needs in violation of the Eighth Amendment when they failed to intervene during Plaintiff's two suicide attempts.

　　　On March 22, 2023, Defendants filed a motion for summary judgment on the grounds that: (1) Defendants were not deliberately indifferent to Plaintiff's serious medical needs; (2)

1  Defendants are entitled to qualified immunity from suit; and (3) Plaintiff did not properly exhaust
2  his administrative remedies against Defendants Lopez and Cuevas before bringing suit.  (ECF No.
3  60.)  Plaintiff's opposition was therefore due on or before April 17, 2023.  Local Rule 230(l); Fed.
4  R. Civ. P. 6(d).
5        Currently before the Court is Plaintiff's "Request in Good Faith to Reschedule Discovery
6  and Scheduling Order and to Appoint Pro Bono Assistant to Amend and Answer Summary
7  Judgment," dated April 18, 2023 and filed with the Court on April 24, 2023.  (ECF No. 61.)  The
8  motion was accompanied by voluminous exhibits that appear to be primarily mental and medical
9  health records, which are discussed below.
10       The Court construes the filing as a motion to modify the discovery and scheduling order
11 and a motion for appointment of counsel.  Although Defendants have not yet had an opportunity
12 to respond, the Court finds a response unnecessary.  The motions are deemed submitted.  Local
13 Rule 230(l).

14 **II.    Motion to Modify Discovery and Scheduling Order**

15       In his motion, Plaintiff requests that the Court take judicial notice of Plaintiff's medical
16 and mental health needs and disabilities, which prevent him from articulating his medical and
17 mental health diseases based on his medical and mental health records, which would in turn
18 support amending his complaint before filing an opposition to Defendants' motion for summary
19 judgment.  (ECF No. 61.)  Plaintiff argues that because of his extensive medical and mental
20 health records, it would take Plaintiff an extreme amount of time to submit an opposition to
21 Defendants' summary judgment motion without a complete record of his exhausted appeals from
22 3/12/2019 through 6/18/2020 and his final copy and finding of not guilty of the RVR-115 Report
23 of Escape Paraphernalia.  Plaintiff contends that his exhaustion records were intentionally stolen
24 and removed from his cell without his consent, and he has since requested on Olsen Review and
25 Request for Interview to obtain a copy of the relevant exhaustion and RVR materials, as well as
26 an emergency grievance to obtain these materials and report the theft of these records from his
27 cell.  Due to the rapid decompensation in Plaintiff's medical and mental health, he has been
28 unable to access the law library by bed or gurney, and it has been painful to access a wheelchair

since 9/6/2022 to the present. Plaintiff requests that the Court have an outside licensed expert evaluate Plaintiff's medical and mental health needs due to his disabilities, and to continue discovery so that Plaintiff is able to gather relevant documentary material facts pertinent to amending his complaint to have all liable parties responsible. Plaintiff requests that the Court take judicial notice of his medical and mental health records, along with CDCR Policy and Procedure regarding Mental Health Crisis Beds and Suicide Precaution, which Plaintiff argues supports amendment of the complaint. (*Id.*)

### A. Plaintiff's Exhibits

Plaintiff refers generally to "Exhibits A–15" in support of his motion, but does not cite to any particular documents to support any particular arguments. (*Id.* at 2, 4, 6.) As previously noted, the attached exhibits are voluminous. The Court estimates that the exhibits are approximately 500 to 600 pages in length, or about five inches in height. Due to their length, the inclusion of private information such as Plaintiff's date of birth and medical history, and Plaintiff's failure to incorporate them by reference in his motion, the exhibits have been lodged with the Court in paper but have not been filed on the electronic docket.

Plaintiff is cautioned against the filing of large quantities of exhibits, accompanied merely by a request that the Court take judicial notice of them in their entirety, or otherwise interpret them to support Plaintiff's arguments. Plaintiff has previously been warned in this action regarding the same practice. (ECF No. 28, p. 3 ("Plaintiff submitted voluminous exhibits in support of his motion, and requests that the Court take judicial notice of those exhibits in their entirety. Though the Court has received the exhibits, due to their length and Plaintiff's failure to incorporate them in any manner that would assist the Court, the Court has not reviewed them in detail and declines to sift through them to find support for Plaintiff's arguments.").) While the Court will evaluate the arguments presented in a party's motion, including relevant exhibits incorporated by reference, the Court does not have the resources or the duty to wade through voluminous exhibits to determine if they provide support for a party's requests. *See Samtani v. City of Laredo*, 274 F. Supp. 3d 695, 698 (S.D. Tex. 2017) ("[A] pro se litigant cannot simply dump a stack of exhibits on the court and expect the court to sift through them to determine if

3

1  some nugget is buried somewhere in that mountain of papers, waiting to be unearthed and refined
2  into a cognizable claim.").
3       To the extent Plaintiff requests that the Court store the exhibits as evidence to then
4  transmit to a future attorney, Plaintiff is reminded that "[t]he Court will not serve as a repository
5  for evidence." (ECF No. 4, p. 3.)
6       Finally, to the extent Plaintiff requests that the Court take judicial notice of what appear to
7  be primarily medical records, the request is denied. The documents included in these exhibits are
8  not the type of facts that are judicially noticeable. Fed. R. Evid. 201(b).
9      **B.**    **Discussion**
10      Pursuant to the Court's December 28, 2022 Discovery and Scheduling Order, all
11 stipulated amendments or motions to amend were due by March 28, 2023, and the deadline for
12 the completion of all discovery, including filing all motions to compel discovery, is August 28,
13 2023. (ECF No. 55.)
14      Plaintiff's request to continue discovery is denied as moot. Discovery in this action does
15 not end until August 28, 2023, and it has not been stayed pending resolution of Defendants'
16 motion for summary judgment. Further, while Plaintiff argues that he is attempting to collect
17 further documentation to support his opposition to Defendants' motion for summary judgment, he
18 has not identified any documents that can only be obtained through the discovery process (rather
19 than through requests to review his own central file and exhaustion records).
20      Plaintiff's request to file an amended complaint, which the Court construes as a request to
21 modify the discovery and scheduling order to extend the deadline to file a motion to amend, is
22 also denied. Plaintiff's motion was mailed on April 18, 2023, three weeks after the deadline to
23 file motions to amend the complaint. Plaintiff has not explained his failure to file a motion to
24 amend, or a motion for an extension of time to file such a motion, prior to the deadline.
25      In addition, Plaintiff argues only that his various medical and mental health issues and
26 disabilities, as well as his need to gather further documents, provide support for his need to
27 amend his complaint. (ECF No. 61, p. 4.) With respect to the identification of all responsible
28 defendants, Plaintiff was previously provided an opportunity to file an amended complaint, and

did so, naming 47 individual and corporate defendants and 100 Doe defendants. (ECF No. 17.) Plaintiff has previously argued that he should have been permitted to amend his complaint to include additional defendants and facts that would not fit within the Court's 25-page limitation, and this argument was also rejected. (ECF No. 28.) Plaintiff presents no new or different facts in support of the instant request that would alter the Court's prior determination.

### III.     Motion for Appointment of Counsel

Plaintiff argues that counsel should be appointed due to his medical and mental health issues, to assist him in preparing an amended complaint, conducting discovery, and opposing Defendants' summary judgment motion. Plaintiff requests the appointment of a specific attorney, who was appointed in another of Plaintiff's cases. (ECF No. 61, pp. 5–6.)

Plaintiff is informed that the filing fee has been paid, and Plaintiff is not proceeding *in forma pauperis* in this action. (ECF No. 14.) The Court is not aware of any authority that would allow the appointment of counsel for a litigant in a civil action who is not proceeding *in forma pauperis*. Although Plaintiff has had counsel appointed in his other action, Case No. 2:19-cv-01792-KJM-CKD, the Court notes that Plaintiff is proceeding *in forma pauperis* in that case, unlike in the instant action.

Even if Plaintiff were proceeding *in forma pauperis* in this action, Plaintiff is reminded that he does not have a constitutional right to appointed counsel in this action, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *rev'd in part on other grounds*, 154 F.3d 952, 954 n.1 (9th Cir. 1998), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). *Rand*, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." *Id.* (internal quotation marks and citations omitted).

The Court has considered Plaintiff's request, but does not find the required exceptional circumstances.  Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This Court is faced with similar cases filed by prisoners proceeding *pro se*, suffering from serious medical and mental health issues, almost daily.  These prisoners also must conduct discovery and respond to dispositive motions without the assistance of counsel.

In addition, based on a review of the record in this case, the Court does not find that Plaintiff cannot adequately articulate his claims.  Plaintiff is able to prepare and file documents clearly setting forth his contentions, without assistance from counsel.  Furthermore, although the Court screened the first amended complaint and found that it stated cognizable claims that are proceeding in this action, this does not necessarily indicate a likelihood of success on the merits.

**IV.    Deadline to Oppose Defendants' Motion for Summary Judgment**

In light of the foregoing, the Court does not find it appropriate to modify any of the deadlines in the December 28, 2022 Discovery and Scheduling Order.  However, in light of Plaintiff's allegations that he continues to suffer from serious medical conditions that have prevented him from physically accessing the law library at his institution, and his continued efforts to replace documents that he alleges are necessary to support his opposition to Defendants' motion for summary judgment, the Court finds it appropriate to extend the deadline for Plaintiff to file his opposition.  The Court finds that an extension of thirty days is appropriate under the circumstances, and will allow time for Plaintiff to receive and comply with the Court's order. <u>Any further requests for extension of this deadline should be filed before the expiration of the deadline and be supported by good cause.</u>

**V.    Order**

Accordingly, IT IS HEREBY ORDERED as follows:

1. Plaintiff's motion to modify discovery and scheduling order, (ECF No. 61), is DENIED;
2. Plaintiff's motion for appointment of counsel, (ECF No. 61), is DENIED;
3. Plaintiff's opposition to Defendants' March 22, 2023 motion for summary judgment, (ECF No. 60), is due within **thirty (30) days** from the date of service of this order; and

6

4. **<u>If Plaintiff fails to file an opposition in compliance with this order, the Court will recommend dismissal of this action, with prejudice, for failure to prosecute.</u>**

IT IS SO ORDERED.

Dated:   **April 27, 2023**                    /s/ *Barbara A. McAuliffe*         _
                                                   UNITED STATES MAGISTRATE JUDGE