# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMISI JERMAINE CALLOWAY, | Case No. 1:21-cv-01450-JLT-BAM (PC) |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION TO COMPEL AS MOOT<br>(ECF No. 63) |
| v. | |
| YOUSSEE, *et al.*, | ORDER LIFITING STAY OF BRIEFING ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND ACCEPTING PLAINTIFF'S OPPOSITION BRIEF<br>(ECF No. 64) |
| Defendants. | |
| | ORDER EXTENDING DEADLINE FOR DEFENDANTS TO FILE REPLY TO PLAINTIFF'S OPPOSITION TO MOTION FOR SUMMARY JUDGMENT |
| | **THIRTY (30) DAY DEADLINE** |

Plaintiff Jamisi Jermaine Calloway ("Plaintiff") is a state prisoner proceeding *pro se* in this civil rights action under 42 U.S.C. § 1983. This action proceeds on Plaintiff's first amended complaint against Defendants Y. Rao, D. Pilar, H. Diaz, T. Loar, and H. Smuzynski for deliberate indifference to serious medical needs in violation of the Eighth Amendment when they released Plaintiff from a suicide crisis bed, and against Defendants D. A. Lopez and M. Cuevas for deliberate indifference to serious medical needs in violation of the Eighth Amendment when they failed to intervene during Plaintiff's two suicide attempts.

///

Defendants filed a motion for summary judgment on March 22, 2023.  (ECF No. 60.)  Following resolution of Plaintiff's motion to modify the discovery and scheduling order and an extension of the deadline for Plaintiff to file his opposition to the summary judgment motion, Plaintiff filed a motion to compel discovery and to stay briefing on Defendants' summary judgment motion until completion of full disclosure of discovery.  (ECF No. 63.)  Plaintiff argued, in part, that he was unable to fully respond to the summary judgment motion, pursuant to Federal Rule of Civil Procedure 56(d), due to outstanding discovery responses from Defendants.  (*Id.*)

The Court directed the parties to meet and confer and file a joint statement regarding the discovery dispute, and stayed further briefing on Plaintiff's motion to compel and Defendants' motion for summary judgment.  (ECF No. 64.)  The parties filed a joint statement on June 2, 2023, indicating that while Defendants would produce some further documents, Plaintiff's motion to compel was not resolved.  (ECF No. 65.)  Despite the Court's order staying briefing on the motion to compel, Plaintiff filed a supplement in support, (ECF No. 66), which Defendants construed as a new motion to compel and opposed, (ECF No. 67).

Finally, and again despite the Court's order staying briefing on the motion for summary judgment, on July 5, 2023, Plaintiff filed an opposition to the motion for summary judgment which included voluminous exhibits in support.  (ECF No. 68.)

The primary basis for Plaintiff's motion to compel was his inability to fully respond to Defendants' motion for summary judgment, pursuant to Federal Rule of Civil Procedure 56(d).[1]  (ECF No. 63, pp. 4–7.)  As Plaintiff has now filed an extensive opposition to the motion for summary judgment, and has not otherwise argued that his opposition is incomplete based on the previously-argued discovery dispute, the Court finds that the pending motion to compel is now moot.  To the extent Plaintiff's supplement in support of his motion to compel, (ECF No. 66), attempts to raise new discovery issues, that motion is also denied in light of the filing of

---

[1] Plaintiff also argues that Defendants' failure to adequately respond to his discovery requests has hindered his ability to amend his complaint, (ECF No. 63, p. 4), but that argument is not at issue at this time, as Plaintiff has not filed a motion to amend the complaint.

2

Plaintiff's opposition and his assertion that the opposition is complete despite the discovery dispute.  (ECF No. 66, p. 2.)  Accordingly, the Court lifts the stay of briefing Defendants' motion for summary judgment and accepts Plaintiff's opposition as complete and timely filed.

As noted, Plaintiff's opposition was filed together with voluminous exhibits in support, totaling more than 600 pages.  (ECF No. 68.)  Due to the inclusion of private information such as Plaintiff's date of birth and medical history, the exhibits have been filed on the electronic docket with access restricted to the Court and the parties in this action only.[2]

Plaintiff has previously been cautioned against filing large quantities of exhibits in support of his arguments.  (ECF Nos. 28, p. 3; 62, p. 3.)  While Plaintiff has attempted to incorporate the exhibits by reference in his opposition to the motion for summary judgment, the Court notes that he has done so only by reference to the exhibit numbers, but does not cite to any particular pages.  (*See* ECF No. 68, pp. 24–31.)  While some of the twenty-nine exhibits are only a few pages in length, many are significantly longer.  (*See, e.g.*, ECF No. 68, pp. 38–43, citing Exhibit Nos. 15 (33 pages), 18 (34 pages), 25 (142 pages), 27 (33 pages), 28 (89 pages).)  Nevertheless, in an abundance of caution and to allow Defendants to access the exhibits in preparing any reply brief, the Court has accepted the documents for electronic filing.  Although electronically filed, the exhibits are still subject to any evidentiary challenges that may be raised by Defendants.

Plaintiff is again admonished that the Court does not have the resources or the duty to wade through voluminous exhibits to determine if they provide support for his arguments. Further, the Court notes that Plaintiff's exhibits were sent to the Court in a disorganized fashion, with pages out of order and upside down throughout the more than 600 pages submitted. **Plaintiff is warned that if he submits future filings in such a manner, the Court will not expend any of its scarce resources in organizing the pages for Plaintiff, and the documents may be returned to Plaintiff without filing**.

Finally, in light of the voluminous nature of Plaintiff's opposition and the need to clarify the briefing schedule for Defendants' motion for summary judgment, the Court finds it

---

[2] If Defendants encounter technical difficulties when attempting to access the exhibits through CM/ECF, defense counsel should promptly inform the Court.

appropriate to extend the deadline for Defendants to file their reply brief, if any.  Further requests for extension of this deadline shall be supported by good cause.

      Accordingly, IT IS HEREBY ORDERED as follows:

1. Plaintiff's motion to compel, (ECF No. 63), is DENIED as moot;
2. The stay of briefing on Defendants' motion for summary judgment, (ECF No. 64), is lifted;
3. Plaintiff's opposition to Defendants' motion for summary judgment, (ECF No. 68), is accepted as complete and timely filed; and
4. Defendants' reply to Plaintiff's opposition to the motion for summary judgment is due within **thirty (30) days** from the date of service of this order.

IT IS SO ORDERED.

Dated:   **July 6, 2023**                                      /s/ *Barbara A. McAuliffe*
                                                                                     UNITED STATES MAGISTRATE JUDGE