# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMISI JERMAINE CALLOWAY,<br><br>            Plaintiff,<br><br>    v.<br><br>YOUSSEE, *et al.*,<br><br>            Defendants. | Case No.  1:21-cv-01450-JLT-BAM (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO VACATE ORDER AND REQUEST FOR RECONSIDERATION<br>(ECF No. 70)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL<br>(ECF No. 70) |

Plaintiff Jamisi Jermaine Calloway ("Plaintiff") is a state prisoner proceeding *pro se* in this civil rights action under 42 U.S.C. § 1983.  This action proceeds on Plaintiff's first amended complaint against Defendants Y. Rao, D. Pilar, H. Diaz, T. Loar, and H. Smuzynski for deliberate indifference to serious medical needs in violation of the Eighth Amendment when they released Plaintiff from a suicide crisis bed, and against Defendants D. A. Lopez and M. Cuevas for deliberate indifference to serious medical needs in violation of the Eighth Amendment when they failed to intervene during Plaintiff's two suicide attempts.

On July 7, 2023, following the filing of Plaintiff's opposition to Defendants' motion for summary judgment, the Court issued an order denying Plaintiff's motion to compel as moot, lifting the stay of briefing on Defendants' motion for summary judgment, and extending the deadline for Defendants to file a reply to Plaintiff's opposition.  (ECF No. 69.)

///

1

## I. Plaintiff's Motion

Currently before the Court is Plaintiff's motion to vacate that order, request for reconsideration of the motion to compel, and request for appointment of counsel, filed July 20, 2023. (ECF No. 70.) Defendants have not yet had the opportunity to file a response, but the Court finds a response unnecessary. The motion is deemed submitted. Local Rule 230(l).

Plaintiff requests reconsideration pursuant to Federal Rule of Civil Procedure 60(b). (ECF No. 70.) In reference to the Court's characterization of the exhibits submitted in support of his opposition to Defendants' motion for summary judgment as "disorganized," Plaintiff argues that the first set of documents sent to the Court was returned to him, wrapped in plastic wrap and destroyed, and Plaintiff immediately documented it by filing a 602-1 grievance. Plaintiff states that he made sure that the first set was securely organized and placed in 12x15 size envelopes, and he also made sure that the second set of documents sent to the Court was securely organized and placed in 12x15 size envelopes when it was searched and sealed by CDCR correctional officers. Plaintiff believes that these officers intentionally opened Plaintiff's legal mail to remove evidence and records filed with the Court, in order to sabotage his evidence. Plaintiff assumes that the second set of documents, which arrived to the Court disorganized, is missing evidence that supports his claims. (*Id.*)

Plaintiff argues that because the Court or defendants employed by CDCR cannot guarantee the safety of his constitutional right to access the courts without correctional officers intentionally sabotaging and destroying legal records and fabricating RVRs, Plaintiff requests appointment of counsel to exhaust the merits in this case and to fully re-examine Plaintiff's documents and the exhibits filed with the Court in support of his opposition. (*Id.*)

Plaintiff reiterates his argument that Defendants refused to comply with discovery requirements in disclosing pertinent and unredacted records, and Plaintiff had to file his opposition to the summary judgment motion in order to get the Court the evidence he had left in his control "to protect his case for trial or his appeal." (*Id.* at 5.)

In support of the motion, Plaintiff attaches a copy of his grievance regarding the returned mail, (*id.* at 8–22), and a copy of a notice from the United States Postal Service stating "[t]he

enclosed item was found loose in the mail and/or became damaged by our automated equipment," (*id.* at 24).

Plaintiff requests that the Court vacate the order finding his motion to compel moot and appoint him pro bono counsel to complete discovery, to protect Plaintiff's access to the court to litigate his claims and filings, and to stop the imminent threat of retaliation, injuries, or death. (*Id.* at 6.)

**II.       Request to Vacate Order and for Reconsideration**

Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders of the district court.  Rule 60(b) permits a district court to relieve a party from a final order or judgment on grounds of: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . .; (3) fraud . . . of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied . . . or (6) any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b).  Additionally, pursuant to this court's Local Rules, when filing a motion for reconsideration of an order, a party must show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."  Local Rule 230(j).

Plaintiff argues that his legal mail is being tampered with in an effort to thwart his efforts to litigate this suit.  However, the Court does not find that Plaintiff's assertions that correctional officers have opened his mail, searched it, and removed pertinent evidence, presents any new or different facts, circumstances, or evidence such that reconsideration of the prior order and judgment would be appropriate.  These allegations are based only on speculation, and the evidence that would purportedly support these accusations (the notice received from the United States Postal Service), indicates only that his items were found loose in the mail, and suggests that they may have been damaged by the Post Office's automated equipment.  There is no other indication that the disorganized nature of the exhibits returned to Plaintiff or those received by the Court were as a result of malicious or intentional action on the part of Defendants or other CDCR employees.

///

Moreover, Plaintiff indicates that he submitted the exhibits, in part, in order to preserve his records for use in later phases of this suit, rather than to support his arguments in opposition to Defendants' motion for summary judgment. (*See* ECF No. 70, p. 5.) At no point does Plaintiff argue that he was unable to adequately prepare his opposition due to a lack of discovery, as argued in his motion to compel, which is the basis for the Court's order that the motion to compel be denied as moot. The motion for reconsideration is therefore denied.

### III.     Motion to Appoint Counsel

Plaintiff's motion for counsel is also denied. As Plaintiff has been repeatedly informed, (ECF Nos. 22, 33, 57, 62), the filing fee has been paid, and Plaintiff is not proceeding *in forma pauperis* in this action. (ECF No. 14.) The Court is not aware of any authority that would allow the appointment of counsel for a litigant in a civil action who is not proceeding *in forma pauperis*.

Even if Plaintiff were proceeding *in forma pauperis* in this action, Plaintiff is reminded that he does not have a constitutional right to appointed counsel in this action, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *rev'd in part on other grounds*, 154 F.3d 952, 954 n.1 (9th Cir. 1998), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). *Rand*, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." *Id.* (internal quotation marks and citations omitted).

The Court has considered Plaintiff's request, but does not find the required exceptional circumstances. Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This Court is faced with similar cases filed by prisoners proceeding *pro se*, dealing with delays in sending mail and organizing their legal documents, almost daily. These prisoners also must

4

conduct discovery and respond to dispositive motions without the assistance of counsel.  As discussed above, Plaintiff's speculative arguments regarding interference with his outgoing legal mail are not sufficient for the Court to appoint him counsel in this action.

In addition, based on a review of the record in this case, the Court does not find that Plaintiff cannot adequately articulate his claims.  Plaintiff is able to prepare and file documents clearly setting forth his contentions, without assistance from counsel.  Furthermore, although the Court screened the first amended complaint and found that it stated cognizable claims that are proceeding in this action, this does not necessarily indicate a likelihood of success on the merits.

**IV.   Order**

Based on the foregoing, IT IS HEREBY ORDERED as follows:

1. Plaintiff's motion to vacate order and motion for reconsideration, (ECF No. 70), are DENIED; and
2. Plaintiff's renewed motion to appoint counsel, (ECF No. 70), is DENIED.

IT IS SO ORDERED.

Dated:   **July 24, 2023**        /s/ Barbara A. McAuliffe         _
                                  UNITED STATES MAGISTRATE JUDGE

5