**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JAMISI JERMAINE CALLOWAY,<br><br>            Plaintiff,<br><br>    v.<br><br>YOUSSEE, *et al.*,<br><br>            Defendants. | No.  1:21-cv-01450 JLT BAM (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT<br><br>(Docs. 60, 75) |

Jamisi Jermaine Calloway is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983.  This action proceeds on Plaintiff's first amended complaint against Defendants Y. Rao, D. Pilar, H. Diaz, T. Loar, and H. Smuzynski (the "Medical Defendants") for deliberate indifference to serious medical needs in violation of the Eighth Amendment when they released Plaintiff from a suicide crisis bed, and against Defendants D. A. Lopez and M. Cuevas (the "Custody Defendants") for deliberate indifference to serious medical needs in violation of the Eighth Amendment when they failed to intervene during Plaintiff's two suicide attempts.

On September 20, 2024, the assigned Magistrate Judge found that Defendants D.A. Lopez and M. Cuevas are entitled to summary judgment on the grounds of failure to exhaust administrative remedies and qualified immunity, and Defendants Y. Rao, D. Pilar, H. Diaz, T. Loar, and H. Smuzynski are entitled to summary judgment on the grounds of qualified immunity. (Doc. 75.)  The Magistrate Judge issued findings and recommendations that Defendants' motion

1  for summary judgment be granted. (*Id.*) The findings and recommendations were served on the
2  parties and contained notice that any objections were to be filed within 14 days after service. (*Id.*)
3  Plaintiff timely filed objections to the findings and recommendations on September 30, 2024.
4  (Doc. 76.) Defendants filed a response to Plaintiff's objections on October 15, 2024. (Doc. 77.)
5      Plaintiff's objections raise arguments previously asserted in his opposition to Defendants'
6  motion for summary judgment. These arguments were considered and rejected by the Magistrate
7  Judge and do not provide a basis for overturning the findings and recommendations. In sum, the
8  Court agrees with the magistrate judge that Plaintiff failed to exhaust his claims against
9  Defendants Lopez and Cuevas and that, viewing the record in the light most favorable to Plaintiff,
10 Lopez and Cuevas are entitled to qualified immunity because medical personnel were present
11 during Plaintiff's first suicide attempt and were summoned promptly during his second suicide
12 attempt. Plaintiff does not identify any remotely analogous case that could have put Defendants
13 Lopez and Cuevas on notice that this conduct was unlawful. The Court likewise agrees that the
14 remaining Defendants, who are medical professionals, are entitled to qualified immunity because
15 the undisputed evidence indicates that Plaintiff's threats of suicide were conditional, and that
16 Defendants released him from the crisis bed for this reason. (Doc. 60 at 13 (reviewing record
17 evidence of Plaintiff's statements); Doc. 60-3 at 43 (mental health records indicating Plaintiff's
18 threats of suicide were "purely conditional"; that Plaintiff did "not appear to be in acute
19 psychiatric distress"; and that keeping him in a crisis bed "does not appear to help the Plaintiff in
20 any form").) Plaintiff again points to no clearly established law that would render these
21 Defendants liable under these circumstances.
22     In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the Court has conducted a
23 *de novo* review of this case. Having carefully reviewed the entire file, including Plaintiff's
24 objections, the Court finds the findings and recommendations to be supported by the record and
25 by proper analysis.
26     Accordingly, the Court **ORDERS**:
27 1. The findings and recommendations issued on September 20, 2024, (Doc. 75), are
28     **ADOPTED IN FULL**.

2. Defendants' motion for summary judgment, (Doc. 60), is **GRANTED**.

3. Judgment shall be entered in favor of Defendants and against Plaintiff.

4. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: __March 25, 2025__

UNITED STATES DISTRICT JUDGE